■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN L. GLEESON, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered May 23, 1989, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

On January 19, 1989, defendant and codefendant Elizabeth D. Winston waited outside in a dark blue Cadillac automobile while their friend, codefendant Jeffrey W. Storms, entered Pipher's Sub Shop and stole approximately $75 from a store clerk at knife point. Storms then exited the store and the participants fled the scene. Based upon the clerk's description of the perpetrator and a neighbor's description of the getaway vehicle and its occupants, the police ultimately stopped a car fitting that description. The store clerk and the neighbor were brought to the scene and they positively identified Storms as the perpetrator of the robbery and the Cadillac as the getaway car. The police arrested all three participants in the occurrence. An indictment charging the codefendants with robbery in the first degree was later handed down. Following denial of

defendant's suppression motion, defendant pleaded guilty to the indictment pursuant to a negotiated plea bargain and was sentenced to a prison term of 2 to 6 years.

Defendant principally challenges the stop of the automobile in which she was a passenger as unlawful. Defendant argues that the police lacked reasonable suspicion to stop the vehicle. Upon examination of the evidence produced at the suppression hearing, we must disagree with defendant's contentions.

Prior to the robbery of the store, a neighbor, Tamara Molligi, was distracted by the sound of a loud muffler from a car outside. She looked outside her window and observed a large dark-color Cadillac with a light interior parked across the street with the motor running. She observed that the driver of the car had long, shoulder-length hair and appeared to be conversing with someone in the rear seat, although she could only discern a "shadow". Molligi then left the window but returned to look again a few minutes later because she remembered that the sub shop next door had been burglarized a few weeks earlier. Molligi noted rust spots on the driver's side fender. Soon she observed an individual wearing an orange hat emerge from the sub shop and run to the car which was already moving as the person approached and got in. Molligi ran outside but could not get the license plate number. Upon seeing the store clerk and confirming that there was a robbery, Molligi called the police and described the car to the responding police officers.

Thereafter, Patrolman Michael Murray heard the initial knifepoint robbery reports on his patrol car radio and was directed by the dispatcher to look for any vehicles matching the earlier description of three subjects in a "blue, older model [car], possibly a Cadillac". As he drove he observed a blue older model Cadillac with two people in the front seat and began to follow it. After backup units arrived, the vehicle was pulled over and Murray and two fellow officers observed two females in the front seat of the car and a male lying prone on the back seat appearing to be hiding. The occupants of the vehicle were then ordered to exit the vehicle and identify themselves. A pat-down search of the trio revealed no weapons and the police informed them they had been stopped because their vehicle matched the description of one seen leaving the scene of a robbery. Molligi and the store clerk then arrived at the scene and positively identified both the car and Storms as the perpetrator of the robbery. Contemporaneously with these events, the driver of the car, Winston, made incriminating statements to one of the police officers. All

three occupants of the car were then formally arrested and taken away.

In our view, the stop of the vehicle was proper. "All that is required is that the stop not be the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' " *(People v Ingle,* 36 NY2d 413, 420, quoting *Terry v Ohio,* 392 US 1, 21; *see, People v Osborne,* 158 AD2d 740). Here, based on the information available to Murray at the time of the stop, including the very distinctive description of the vehicle, there were ample grounds for a reasonable suspicion that this vehicle was the one involved in the sub shop robbery. As aptly noted by County Court, Murray's decision to stop the car "is more fairly labeled 'good police work' than 'unreasonable intrusion' ".

Finally, we reject defendant's contention that the police lacked probable cause to arrest her. Witnesses had positively identified Storms as the robber and the Cadillac as the get-away vehicle. Defendant was found riding in the front seat of the car which contained Storms, apparently hiding in the back seat. Moreover, Winston had already made statements inculpating herself and Storms. Under these circumstances, there was probable cause to arrest defendant also.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.