Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about April 6, 2012, which, upon renewal, granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was searched after two women in the backseat of a livery cab told a police officer who had responded to a radio transmission reporting a road rage incident involving a gun that plaintiff had pulled a gun and threatened the cab driver. Plaintiff was arrested after the officer recovered a gun and ammunition, and criminal charges were brought against him. After the charges were dropped, plaintiff brought this action, alleging false arrest, false imprisonment, malicious prosecution and violation of his civil rights pursuant to 42 USC § 1983.
The false arrest, false imprisonment, and malicious prosecution claims were correctly dismissed because the statements of the two women, who were “upset” and “scared,” provided the officer with probable cause to arrest (see Hernandez v City of New York, 100 AD3d 433 [1st Dept 2012]; Marrero v City of New York, 33 AD3d 556 [1st Dept 2006]). There is nothing in the record that suggests that the officer should have questioned the complainants’ credibility (see Medina v City of New York, 102 AD3d 101, 104 [1st Dept 2012]; People v Nichols, 156 AD2d 129, 130 [1st Dept 1989], lv denied 76 NY2d 740 [1990]; and see People v Colon, 95 AD3d 420 [1st Dept 2012], lv denied 19 NY3d 1025 [2012]). Nor does plaintiff’s denial of their allegations raise a triable issue of fact either as to probable cause or whether the allegations were made at all (see Medina, 102 AD3d at 105).
*442 The 42 USC § 1983 claim was correctly dismissed, because plaintiff failed to allege that his injury resulted from the officer’s execution of official custom or policy (see Monell v New York City Dept. of Social Servs., 436 US 658 [1978]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Friedman, J.E, Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.