■ ABRAHAM PAULOS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [997 NYS2d 452]—

In an action, inter alia, to recover damages for false arrest, for malicious prosecution, and pursuant to 42 USC § 1983 for the deprivation of federal constitutional rights under color of state law, the defendants City of New York, Police Officer Paul Montefusco, and Police Officer Cotson appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated June 21, 2013, as denied those branches of their motion which were for summary judgment dismissing, insofar as asserted against them, the causes of action to recover damages for malicious prosecution and pursuant to 42 USC § 1983 for the deprivation, under color of state law, of the plaintiff's Fourth Amendment right to be free from the unreasonable seizure of his person, arising from his arrest and prosecution, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 1024 and 3025 (b) for leave

to amend the complaint to substitute Police Officer Cotson as a party defendant in place of Police Officer John Doe #1.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the appellants' motion which were for summary judgment dismissing, insofar as asserted against them, the causes of action to recover damages for malicious prosecution and pursuant to 42 USC § 1983 for the deprivation, under color of state law, of the plaintiff's Fourth Amendment right to be free from the unreasonable seizure of his person, arising from his arrest and prosecution, are granted, and that branch of the plaintiff's cross motion which was pursuant to CPLR 1024 and 3025 (b) for leave to amend the complaint to substitute Police Officer Cotson as a party defendant in place of Police Officer John Doe #1 is denied as academic.

The plaintiff commenced this action, inter alia, to recover damages under federal and New York law for false arrest, false imprisonment, malicious prosecution, and the deprivation of federal constitutional rights in connection with his arrest for robbery during the early morning hours of October 23, 2010. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff's arrest and detention were supported by probable cause, relying on a transcript of the testimony given by the plaintiff at a hearing conducted pursuant to General Municipal Law § 50-h and an affidavit of the arresting officer. Those submissions revealed that, at approximately 2:30 a.m. on the date in question, the victim of an alleged robbery approached two police officers who were on patrol in their police car, and informed them that he had just been assaulted and robbed by three assailants. The victim, who was bleeding from the mouth, told the officers that the robbers had walked away in a specific direction. The victim then proceeded in that direction on foot, with the officers following in their vehicle. The officers soon came upon the victim standing on the sidewalk with the plaintiff. The victim was demanding that the plaintiff return money that the plaintiff allegedly stole from the victim. The plaintiff testified at the General Municipal Law § 50-h hearing that the victim looked like a homeless person. After the officers exited their vehicle and approached the men, the victim repeatedly and emphatically identified the plaintiff as one of the robbers. Upon questioning by the officers, the plaintiff denied any involvement in the crime, and stated that he had been walking home from his job at a nearby restaurant, where he had worked until 2:00 a.m. In view of the identification by the victim and the injury that he had suffered, the officers placed the plaintiff

under arrest. Afterward, the plaintiff was questioned by a detective at a police station. Following his subsequent arraignment, he was held overnight and then released on bail. He appeared in court several days later, and the charges against him were dismissed approximately six months after the arrest.

The existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution (*see Gisondi v Town of Harrison*, 72 NY2d 280, 283, 284 [1988]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2011]; *Reape v City of New York*, 66 AD3d 755, 756 [2009]), including causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that are the federal-law equivalents of state common-law false arrest and malicious prosecution causes of action (*see Betts v Shearman*, 751 F3d 78, 82 [2014]; *see also Jenkins v City of New York*, 478 F3d 76, 84 [2007] [false arrest]; *Jocks v Tavernier*, 316 F3d 128, 136 [2003] [malicious prosecution]; *Janetka v Dabe*, 892 F2d 187, 189 [1989] [malicious prosecution]). Generally, probable cause is established where an identified crime victim "communicates to the arresting officer information affording a credible ground for believing the offense was committed and identifies the accused as the perpetrator" (*People v Read*, 74 AD3d 1245, 1246 [2010]; *see Iorio v City of New York*, 19 AD3d 452, 453 [2005]; *People v Sanders*, 239 AD2d 528 [1997]; *Kramer v City of New York*, 173 AD2d 155, 156 [1991]).

The appellants demonstrated their prima facie entitlement to judgment as a matter of law by establishing the existence of probable cause for the plaintiff's arrest. Indeed, the victim sought out the police, had a physical injury corroborating his account of the robbery, and identified the plaintiff as one of the perpetrators. In response, the plaintiff failed to raise a triable issue of fact. While he asserted that the victim's physical appearance and attire were like those of a homeless person, these facts did not undermine either the victim's credibility, or the existence of probable cause for the arrest. Moreover, the new factual allegations raised by the plaintiff for the first time in his affidavit in opposition to the motion differed so dramatically from the account of the incident that he provided at his hearing pursuant to General Municipal Law § 50-h that they constituted what appear to be feigned issues of fact designed to avoid the consequences of his earlier testimony and, thus, were insufficient to defeat the motion (*see Capasso v Capasso*, 84 AD3d 997, 998 [2011]; *Rodriguez v Trakansook*, 67 AD3d 768, 769 [2009]; *Jaffe v New York City Tr. Auth.*, 52 AD3d 784 [2008];

*Karwowski v New York City Tr. Auth.*, 44 AD3d 826, 827 [2007]). In any event, those new allegations failed to raise a triable issue of fact, since the essential facts underlying the arrest were undisputed and, viewed objectively (*see People v Reid*, 104 AD3d 58, 61 [2013], *lv granted* 21 NY3d 1008 [2013]; *People v Cooper*, 38 AD3d 678, 679 [2007]), support a finding of probable cause as a matter of law.

Furthermore, the plaintiff failed to demonstrate that relevant evidence was exclusively within the appellants' knowledge such that further discovery was necessary for him to properly oppose the motion for summary judgment (*see Cocco v City of New York*, 114 AD3d 617 [2014]; *Mehra v Nayak*, 103 AD3d 857, 861 [2013]).

Accordingly, the Supreme Court erred in denying those branches of the appellants' motion which were for summary judgment dismissing, insofar as asserted against them, the causes of action to recover damages for common-law malicious prosecution and pursuant to 42 USC § 1983 to recover damages for the deprivation, under color of state law, of the plaintiff's Fourth Amendment right to be free from the unreasonable seizure of his person, arising from his arrest and prosecution. Since the Supreme Court has already directed the dismissal of the other causes of action asserted by the plaintiff, that branch of the plaintiff's cross motion which was for leave to amend the caption to substitute Police Officer Cotson as a party defendant in place of Police Officer John Doe #1 should have been denied as academic.

In view of the foregoing, we do not reach the appellants' remaining contention. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.