■ BRUCE SHAW, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [31 NYS3d 155]—

In an action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated September 22, 2014, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983 insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action against, among others, the City of New York, the plaintiff seeks to recover damages arising from an allegedly unlawful arrest and malicious prosecution of the plaintiff commencing in October 2011. The City moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court, among other things, granted those branches of the motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983 insofar as asserted against it. The plaintiff appeals.

To prevail on a cause of action to recover damages for false arrest or imprisonment, "the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement and that the confinement was not privileged" (*De Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016]; *see Broughton v State of New York*, 37 NY2d 451, 456 [1975]; *Williams v City of New York*, 114 AD3d 852, 853 [2014]). Moreover, " '[t]he elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3)

the absence of probable cause for the criminal proceeding and (4) actual malice' " (*Torres v Jones*, 26 NY3d at 760, quoting *Broughton v State of New York*, 37 NY2d at 457; *see Batten v City of New York*, 133 AD3d 803, 805 [2015]). "The existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution" (*Paulos v City of New York*, 122 AD3d 815, 817 [2014]; *see Batten v City of New York*, 133 AD3d at 805; *see also Torres v Jones*, 26 NY3d at 759). " 'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been committed or is being committed' by the suspected individual, and probable cause must be judged under the totality of the circumstances" (*Torres v Jones*, 26 NY3d at 759, quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]; *see Nolasco v City of New York*, 131 AD3d 683, 684 [2015]). Further, a governmental entity "cannot be liable for false arrest or malicious prosecution under 42 USC § 1983 unless an official government policy, custom or widespread practice caused the violation of the plaintiff's constitutional rights" (*Torres v Jones*, 26 NY3d at 762; *see Combs v City of New York*, 130 AD3d 862, 865 [2015]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 847 [2011]).

The City demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for false arrest and malicious prosecution by establishing that the undisputed essential facts underlying the arrest gave rise to probable cause to believe that the plaintiff intentionally aided in the commission of a gunpoint robbery and knowingly possessed stolen property (*see* Penal Law §§ 20.00, 160.15 [2]; 165.45 [2]; *People v Haynes*, 16 AD3d 434, 435 [2005]; *People v Sanchez*, 216 AD2d 207, 208 [1995]; *People v Gleeson*, 161 AD2d 902 [1990]; *People v Byrd*, 156 AD2d 374, 374 [1989]; *see also People v Bandera*, 204 AD2d 340, 341 [1994]). Moreover, the City established its prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 by demonstrating that the plaintiff failed to allege that an official policy or custom of the City caused the police officers to violate his constitutional rights (*see Grimes v City of New York*, 106 AD3d 441, 442 [2013]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 721 [2003]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's claims that his constitutional rights may have been violated as a result of certain policies were improp-

erly raised for the first time in opposition to the City's motion for summary judgment (*see Palka v Village of Ossining*, 120 AD3d 641, 643 [2014]; *Methal v City of New York*, 116 AD3d 743, 744 [2014]) and on appeal (*see Yong U Lee v Huan Wen Zhang*, 133 AD3d 651, 652 [2015]). Further, we note that contrary to the plaintiff's contention, he abandoned his causes of action to recover damages for intentional and negligent infliction of emotional distress and his argument that the City's motion for summary judgment was premature (*see Matter of Keyes v Watson*, 133 AD3d 757, 759 [2015]; *Tessema v City of Rochester*, 128 AD3d 1442, 1443 [2015]; *Imperati v Kohl's Dept. Stores, Inc.*, 91 AD3d 1111, 1114 [2012]).

Accordingly, the Supreme Court properly granted those branches of the City's motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983 insofar as asserted against it.

The City's remaining contention, raised for the first time on appeal, is not properly before this Court (*see Yong U Lee v Huan Wen Zhang*, 133 AD3d at 652). Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.