In an action, inter alia, to recover damages for false arrest and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered May 7, 2015, as granted those branches of the defendants’ motion which were for summary judgment dismissing the state common-law causes of action alleging false arrest, false imprisonment, and malicious prosecution, and the cause of action alleging civil rights violations pursuant to 42 USC § 1983.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants’ motion which were for summary judgment dismissing the state common-law cause of action alleging malicious prosecution and the cause of action alleging civil rights violations pursuant to 42 USC § 1983, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 On April 23, 2008, the plaintiff was arrested by the New York City Police Department and detained at Rikers Island after a single eyewitness identified him as a shooter involved in a gunfight in South Jamaica, Queens. The eyewitness identified the plaintiff in both a statement to a detective and in testimony before a grand jury. The plaintiff was indicted on charges of criminal possession of a weapon in the second degree (two counts) and related crimes.
 

 On December 11, 2009, after almost 20 months in jail, the plaintiff was released on his own recognizance. On June 30, 2010, the People moved to dismiss the charges against him because they were unable to locate the eyewitness after the eyewitness testified at the grand jury. On July 28, 2010, the charges were dismissed.
 

 In September 2011, the plaintiff commenced this action against the City of New York and Detective Michael Failla of the New York City Police Department, asserting, inter alia, state common-law causes of action alleging false arrest, false imprisonment, and malicious prosecution, as well as a cause of action alleging civil rights violations pursuant to 42 USC § 1983.
 

 The defendants moved for summary judgment dismissing the complaint. Among other things, the defendants argued that the state common-law causes of action alleging false arrest, false imprisonment, and malicious prosecution, and the cause of action alleging civil rights violations pursuant to 42 USC § 1983 must be dismissed because the eyewitness’s identification statement to police and his grand jury testimony provided the defendants with probable cause to arrest, detain, and prosecute the plaintiff.
 

 In opposition, the plaintiff submitted a sworn affidavit from the eyewitness, dated September 9, 2011. The eyewitness averred that his statement and grand jury testimony had been fabricated and that this fabrication resulted from coercion by the police and an unnamed assistant district attorney (hereinafter ADA).
 

 The Supreme Court granted the defendants’ motion for summary judgment dismissing the complaint in its entirety, concluding that the defendants established, prima facie, their entitlement to judgment as a matter of law and that the plaintiff failed to raise a triable issue of fact as to whether they lacked probable cause for his arrest, detention, and prosecution. As pertinent to this appeal, the court concluded that the eyewitness’s affidavit improperly raised a new theory of liability and, in any event, was insufficient because it presented feigned issues of fact. The court’s determination left unresolved certain alternative contentions raised by the defendants in support of their summary judgment motion.
 

 The plaintiff appeals from so much of the order as granted those branches of the defendants’ motion which were for summary judgment dismissing the state common-law causes of action alleging false arrest, false imprisonment, and malicious prosecution, and the cause of action alleging civil rights violations pursuant to 42 USC § 1983. We modify.
 

 “The existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution” (Paulos v City of New York, 122 AD3d 815, 817 [2014]; see Shaw v City of New York, 139 AD3d 698, 699 [2016]; Batten v City of New York, 133 AD3d 803, 805 [2015]), and this includes “causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that are the federal-law equivalents of state common-law false arrest and malicious prosecution causes of action” (Paulos v City of New York, 122 AD3d at 817, citing, inter alia, Betts v Shearman, 751 F3d 78, 82 [2d Cir 2014]). While an indictment creates a presumption of probable cause, such presumption may be overcome by evidence establishing either “ ‘that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures’ ” (Blake v City of New York, 148 AD3d 1101, 1107 [2017], quoting De Lourdes Torres v Jones, 120 AD3d 572, 574 [2014], mod 26 NY3d 742 [2016]), or “that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith” (Colon v City of New York, 60 NY2d 78, 83 [1983]; see Washington-Herrera v Town of Greenburgh, 101 AD3d 986, 989 [2012]; O’Donnell v County of Nassau, 7 AD3d 590, 591 [2004]).
 

 Here, contrary to the Supreme Court’s determination, the eyewitness’s affidavit did not raise a new theory of liability (see generally Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796 [2011]). The complaint alleged that the defendants arrested, detained, and prosecuted the plaintiff without probable cause and that they knew that the criminal complaint contained falsehoods. The eyewitness’s affidavit, rather than raising a new theory of liability, supported these allegations by asserting that police and an ADA coerced the eyewitness to make a false identification of the plaintiff. Therefore, the court erred in concluding that the affidavit impermissibly asserted a new theory of liability for the first time in opposition to the defendants’ summary judgment motion, (cf. Hubbard v City of New York, 84 AD3d 1313, 1314 [2011]; Araujo v Brooklyn Martial Arts Academy, 304 AD2d 779, 780 [2003]; Winters v St. Vincent’s Med. Ctr. of Richmond, 273 AD2d 465 [2000]).
 

 Further, contrary to the Supreme Court’s determination, the eyewitness’s affidavit did not present feigned issues of fact. The eyewitness did not give any prior testimony in this action (cf. Paulos v City of New York, 122 AD3d at 817; Capasso v Capasso, 84 AD3d 997, 998 [2011]). Moreover, his affidavit did not contradict the plaintiff’s prior testimony, including the plaintiff’s deposition testimony that the eyewitness was “scared” when the police talked to him about the shooting. Accordingly, the court erred in determining that the affidavit presented feigned issues of fact (cf. Paulos v City of New York, 122 AD3d at 817; Keizer v SCO Family of Servs., 120 AD3d 475, 477 [2014]).
 

 Considering all the evidence, including the eyewitness’s affidavit, in the light most favorable to the plaintiff (see Santelises v Town of Huntington, 124 AD3d 863, 865 [2015]), we conclude that he raised a triable issue of fact as to whether the defendants had probable cause to arrest, detain, and prosecute him. Specifically, the eyewitness’s affidavit raised an issue of fact as to whether the police and the ADA coerced a false identification of the plaintiff or otherwise acted in bad faith (see Colon v City of New York, 60 NY2d at 82-83; cf. Paulos v City of New York, 122 AD3d at 817).
 

 The defendants also assert several alternative grounds for affirmance that the Supreme Court did not address because of its erroneous determination that the eyewitness’s affidavit failed to raise a triable issue of fact regarding probable cause (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]; Smith v New York City Hous. Auth., 124 AD3d 625, 626 [2015]).
 

 Contrary to the defendants’ contention, in opposition to their prima facie showing, the plaintiff raised a triable issue of fact as to whether Detective Failla’s evaluation of probable cause was objectively reasonable, thus precluding an award of summary judgment in Detective Failla’s favor on the ground of qualified immunity (see Holland v City of Poughkeepsie, 90 AD3d 841, 845-846 [2011]; Doyle v Rondout Val. Cent. School Dist., 3 AD3d 669, 671 [2004]).
 

 The defendants’ contention that the state common-law causes of action alleging false arrest, false imprisonment, and malicious prosecution must be dismissed insofar as asserted against Detective Failla because the plaintiff failed to name him in the notice of claim is unavailing. A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality (see General Municipal Law § 50-e [1] [a]; Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052 [2016]). The purpose underlying the notice of claim requirement is to provide a municipality with sufficient information to enable it to promptly investigate the claim and ascertain its potential exposure to liability (see Brown v City of New York, 95 NY2d 389, 393-394 [2000]). General Municipal Law § 50-e (2) sets forth the criteria for the contents of a notice of claim. While we acknowledge a split in appellate authority on the issue, we have held that the plain language of General Municipal Law § 50-e (2) does not require a notice of claim to “[list] the names of the individuals who allegedly committed the wrongdoing” (Blake v City of New York, 148 AD3d at 1106; compare Pierce v Hickey, 129 AD3d 1287, 1289 [2015], with Alvarez v City of New York, 134 AD3d 599 [2015], and Tannenbaum v City of New York, 30 AD3d 357, 358 [2006]).
 

 However, the defendants correctly contend that they were entitled to dismissal of the state common-law causes of action alleging false arrest and false imprisonment on the ground that they are time-barred. General Municipal Law § 50-i (1) (c) provides, in pertinent part, that no personal injury action shall be prosecuted or maintained against a city unless it is commenced within one year and 90 days after the happening of the event upon which the claim is based. Although causes of action to recover damages for intentional torts, such as false arrest and false imprisonment, are generally subject to a one-year period of limitations {see CPLR 215 [3]), intentional tort causes of action asserted against municipal defendants must be commenced within the one-year-and-90-day statute of limitations contained in General Municipal Law § 50-i, which “takes precedence over the one-year period of limitations provided for in CPLR 215” (Estate of Adkins v County of Nassau, 141 AD2d 603, 603 [1988]; see Bosone v County of Suffolk, 274 AD2d 532, 533 [2000]; Wright v City of Newburgh, 259 AD2d 485, 486 [1999]; see also Ruggiero v Phillips, 292 AD2d 41, 44 [2002]). Here, the state common-law causes of action alleging false arrest and false imprisonment accrued upon the plaintiff’s release from confinement at Rikers Island on December 11, 2009 (see Williams v CVS Pharmacy, Inc., 126 AD3d 890, 891 [2015]; Bellissimo v Mitchell, 122 AD3d 560, 560 [2014]). The plaintiff did not file and serve his complaint until September 20, 2011. This was well beyond the one-year-and-90-day statute of limitations (see Bellissimo v Mitchell, 122 AD3d at 560; Bonanno v City of Rye, 280 AD2d 630 [2001]; Smith v City of New York, 388 F Supp 2d 179, 184 [2005]; cf. Clark v City of Ithaca, 235 AD2d 746 [1997]).
 

 However, unlike the state common-law causes of action alleging false arrest and false imprisonment, the state common-law cause of action alleging malicious prosecution was not time-barred because the statute of limitations for that cause of action did not begin to run until the favorable termination of the underlying criminal proceeding on July 28, 2010 (see Williams v CVS Pharmacy, Inc., 126 AD3d at 891). The cause of action alleging civil rights violations pursuant to 42 USC § 1983 is not time-barred because the statute of limitations for a cause of action pursuant to 42 USC § 1983 is three years (see Owens v Okure, 488 US 235, 251 [1989]; Rimany v Town of Dover, 72 AD3d 918, 921 [2010]), and the cause of action “accrues when the plaintiff knows or has reason to know of the injury which is the basis of his or her action” (Rimany v Town of Dover, 72 AD3d at 921 [internal quotation marks and brackets omitted]; see Pearl v City of Long Beach, 296 F3d 76, 80 [2002]; see also Wallace v Kato, 549 US 384, 388 [2007]). Here, the causes of action alleging civil rights violations pursuant to 42 USC § 1983 accrued, at the earliest, on December 11, 2009, less than two years prior to the commencement of this action.
 

 The defendants’ contention that the plaintiff failed to file a timely notice of claim (see General Municipal Law § 50-e [1] [a]) is improperly raised for the first time on appeal, and therefore, is not properly before this Court (see Johnson v City of New York, 148 AD3d 1126, 1127 [2017]; Robles v Brooklyn-Queens Nursing Home, Inc., 131 AD3d 1032, 1033 [2015]).
 

 Accordingly, those branches of the defendants’ motion which were for summary judgment dismissing the state common-law causes of action alleging false arrest and false imprisonment were properly granted, but on grounds different than those relied upon by the Supreme Court, and those branches which were for summary judgment dismissing the state common-law cause of action alleging malicious prosecution and the cause of action alleging civil rights violations pursuant to 42 USC § 1983 should have been denied.
 

 Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.