Ball v Miller (2018 NY Slip Op 05813)





Ball v Miller


2018 NY Slip Op 05813


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06647
 (Index No. 18539/12)

[*1]James M. Ball, appellant, 
v
Paige Miller, et al., defendants, City of New York, et al., respondents.


Ann Ball, P.C., Commack, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Tahirih M. Sadrieh of counsel), for respondents.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for false arrest, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered May 20, 2016. The order granted the motion of the defendants City of New York and Police Officer Kevin Choi for summary judgment dismissing the complaint insofar asserted against them.
ORDERED that the order is affirmed, with costs.
It is undisputed that, on the afternoon of April 26, 2012, the plaintiff and the defendant Paige Miller, both students at St. John's University, engaged in an intimate sexual act at the plaintiff's apartment. The plaintiff claimed that the sexual act was consensual. However, later that evening, Miller went to a police station with her parents and reported that the plaintiff forced her to engage in the sexual act. On April 27, 2012, at approximately 3:00 a.m., Police Officer Kevin Choi and several other New York City police officers went to the plaintiff's apartment, knocked on his door, and arrested him when he opened the door.
Although the plaintiff was charged with criminal sexual act in the third degree, forcible touching, and menacing in the third degree, he was not indicted. After an investigation, the charges were dismissed and the case sealed.
The plaintiff commenced this action against, among others, Choi and the City of New York (hereinafter together the defendants) to recover damages for false arrest, false imprisonment, malicious prosecution, intentional and negligent infliction of emotional distress, negligence, and violations of the plaintiff's constitutionally protected civil rights. Following discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals. We affirm.
We agree with the Supreme Court's determination granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action sounding in false arrest, false imprisonment, and malicious prosecution insofar as asserted against them. "The [*2]existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution" (Paulos v City of New York, 122 AD3d 815, 817; see Shaw v City of New York, 139 AD3d 698, 699; Batten v City of New York, 133 AD3d 803, 805), "including causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that are the federal-law equivalents of state common-law false arrest and malicious prosecution causes of action" (Paulos v City of New York, 122 AD3d at 817). The defendants established that the information Miller provided to the police furnished them with probable cause to arrest the plaintiff (see Liotta v County of Suffolk, 157 AD3d 781, 781-782; Masciello v Incorporated Vil. of Lloyd Harbor, 140 AD3d 834, 835). In opposition, the plaintiff failed to raise a triable issue of fact.
We further agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the cause of action sounding in negligence, as a cause of action to recover for negligent arrest and investigation does not exist under New York law (see Peterec v State of New York, 124 AD3d 858, 859; Ellsworth v City of Gloversville, 269 AD2d 654, 656-657).
Similarly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress with respect to the City, as "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (Lauer v City of New York, 240 AD2d 543, 544; see Dillon v City of New York, 261 AD2d 34, 41). Moreover, the defendants established their prima facie entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against Choi by establishing that Choi did not engage in extreme or outrageous conduct (see Wyllie v District Attorney of County of Kings, 2 AD3d 714, 720). In opposition, the plaintiff failed to raise a triable issue of fact.
Further, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for negligent infliction of emotional distress insofar as asserted against them. "A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred when the mental injury is a direct, rather than a consequential, result of the breach and when the claim possesses some guarantee of genuineness" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [citations and internal quotation marks omitted]). The defendants established, prima facie, that they did not breach a duty of care owed to the plaintiff (see Kennedy v McKesson Co., 58 NY2d 500, 506; Taggart v Costabile, 131 AD3d 243, 253). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to the plaintiff's remaining causes of action premised upon alleged violations of his constitutionally protected civil rights, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the alleged constitutional violations did not result from the implementation of a policy, regulation, or custom (see Harris v City of New York, 153 AD3d 1333; Combs v City of New York, 130 AD3d 862, 865). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court