Burns v City of New York (2020 NY Slip Op 01474)





Burns v City of New York


2020 NY Slip Op 01474


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-11173
 (Index No. 500900/15)

[*1]Tisheo Burns, appellant, 
v
City of New York, et al., respondents, et al., defendant.


Getz & Braverman, P.C., Bronx, NY (Michael I. Braverman of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Antonella Karlin of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, malicious prosecution, and pursuant to 42 USC § 1983 for the deprivation of federal constitutional rights under color of state law, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 5, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York, William J. Bratton, D. Andrea, and Nicholas Muro which were for summary judgment dismissing the causes of action to recover damages for false arrest, malicious prosecution, and pursuant to 42 USC § 1983 for deprivation of federal constitutional rights under color of state law insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for false arrest, malicious prosecution, and the deprivation of federal constitutional rights in connection with his arrest and prosecution for petit larceny. The defendants City of New York, William J. Bratton, D. Andrea, and Nicholas Muro (hereinafter collectively the City defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, on the ground that the plaintiff's arrest and prosecution were supported by probable cause, relying on a transcript of the deposition testimony of Police Officer Nicholas Muro and a transcript of the General Municipal Law § 50-h hearing testimony of the plaintiff.
Muro testified that, at approximately 2:40 a.m., on April 4, 2014, he observed the plaintiff, together with another individual, facing a United States Postal Service mailbox on the corner of Ashford Street and New Lots Avenue in Brooklyn. The plaintiff's hands were inside the mailbox "where the opening of the mailbox would be, where the door to place mail in would be." As Muro and his partner approached the plaintiff, the plaintiff abruptly walked away. After the officers commanded him to stop, the defendant speedily walked away. After apprehending the plaintiff, the officers returned to the mailbox and discovered a white shoelace hanging from the opening of the mailbox, which was tied to a container that was inside the mailbox. Several pieces of mail were stuck to a sticky substance that was on the container. The officers arrested the plaintiff. [*2]The plaintiff testified at the General Municipal Law § 50-h hearing that he was walking to his car when more than 4 or 5 police vehicles pulled up, and more than 10 police officers got out of the vehicles, stopped and searched him, and arrested him without any explanation. The plaintiff was subsequently taken to Central Booking and released after a day and a half. After two court appearances, the charges against him were dismissed on July 17, 2014.
The existence of probable cause constitutes a complete defense to causes of action alleging false arrest and malicious prosecution (see Gisondi v Town of Harrison, 72 NY2d 280, 283; Williams v City of New York, 153 AD3d 1301, 1302; Shaw v City of New York, 139 AD3d 698, 699; Batten v City of New York, 133 AD3d 803, 805), including causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of federal constitutional rights under color of state law when they are the federal law equivalents of state common-law false arrest and malicious prosecution causes of action (see Betts v Shearman, 751 F3d 78, 82 [2d Cir]; Williams v City of New York, 153 AD3d at 1302-1303; Paulos v City of New York, 122 AD3d 815, 817). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been [committed] or is being committed by the suspected individual, and probable cause must be judged under the totality of the circumstances" (De Lourdes Torres v Jones, 26 NY3d 742, 759 [internal quotation marks omitted]; see People v Bigelow, 66 NY2d 417, 423).
Muro's deposition testimony established that he had a reasonable suspicion to believe that criminal activity was at hand, justifying the plaintiff's initial detention (see CPL 140.50; People v Martinez, 80 NY2d 444, 448; People v De Bour, 40 NY2d 210, 223; People v Smith, 168 AD3d 885; People v Black, 239 AD2d 593, 594). Muro's testimony further established that once the police officers temporarily detained the plaintiff, they possessed probable cause to arrest him based upon the discovery of the shoelace and sticky container, upon which mail was attached, hanging inside the mailbox (see People v Smith, 168 AD3d at 885-886; People v Steinberg, 255 AD2d 609, 610; People v Hernandez, 77 AD2d 548, 549). The City defendants' evidence submitted in support of their motion was sufficient to establish their prima facie entitlement to judgment as a matter of law (see Wilson v City of New York, 161 AD3d 1212, 1217). The plaintiff's conclusory and self-serving affidavit submitted in opposition to the City defendants' motion was insufficient to raise a triable issue of fact on the issue of probable cause (see generally Leftenant v City of New York, 70 AD3d 596, 597). Accordingly, we agree with the Supreme Court's determination granting those branches of the City defendants' motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, malicious prosecution, and pursuant to 42 USC § 1983 for deprivation of federal constitutional rights under color of state law insofar as asserted against them.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court