Elie v City of New York (2020 NY Slip Op 03001)





Elie v City of New York


2020 NY Slip Op 03001


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-05251
 (Index No. 27423/06)

[*1]Evens Elie, plaintiff-appellant, 
v
City of New York, et al., respondents; Jeaninne Syslvestre, nonparty-appellant.


Rubert & Gross, P.C., New York, NY (Soledad Rubert of counsel), for plaintiff-appellant and nonparty-appellant.
Simpson Thacher & Bartlett LLP, New York, NY (David J. Woll and Robert H. Arnay of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, etc., the plaintiff and nonparty Jeaninne Syslvestre appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated March 21, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York, Anthony Cheatham, Darrell Grant, and Thomas Fitzgerald which were for summary judgment dismissing the first and second causes of action and so much of the sixth and seventh causes of action as did not relate to claims asserted pursuant to Monell v New York City Dept. of Social Servs. (436 US 658) insofar as asserted against them.
ORDERED that the appeal by nonparty Jeaninne Syslvestre is dismissed, as she is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants City of New York, Anthony Cheatham, Darrell Grant, and Thomas Fitzgerald which were for summary judgment dismissing the first and second causes of action and so much of the sixth and seventh causes of action as did not relate to claims asserted pursuant to Monell v New York City Dept. of Social Servs. (436 US 658) insofar as asserted against the defendants City of New York, Darrell Grant, and Thomas Fitzgerald, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On the night of November 6, 2004, the then 16-year-old plaintiff, Evens Elie, was walking on Nostrand Avenue in Brooklyn with his friend, Cherard Pierre-Riviera, where a crowd of people was watching a fist fight between two men. Someone fired a gun and the plaintiff was shot in the leg, and another man was shot in the back of the head. The plaintiff and Pierre-Riviera went to Pierre-Riviera's apartment, at which point someone called 911. When police officers arrived, they [*2]recovered a red bandana or "do-rag," a gray sweater, and a red shirt from Pierre-Riviera's hallway, which clothing the plaintiff identified as his.
The police conducted an investigation, including speaking with the plaintiff, Pierre-Riviera, and multiple witnesses to the shooting. Although Pierre-Riviera denied seeing the shooter during his first two interviews with the police, during a third encounter, Pierre-Riviera identified the plaintiff as the shooter. None of the other witnesses was able to identify the shooter. However, the man who was shot in the head described the shooter as wearing a gray hoodie, red vest, and red do-rag.
On November 7, 2004, the plaintiff was arrested by New York City Police Department (hereinafter NYPD) officers. Pierre-Riviera testified before a grand jury and identified the plaintiff as the shooter. The grand jury indicted the plaintiff on seven counts, including attempted murder in the second degree. The plaintiff was incarcerated at Rikers Island until February 2, 2006, when the Kings County District Attorney's office had all charges against him dismissed.
The plaintiff, and his grandmother, Jeaninne Syslvestre, suing derivatively, commenced this action against the City of New York, NYPD detectives Anthony Cheatham, Darrell Grant, and Thomas Fitzgerald (hereinafter collectively the defendants), and another defendant against whom the action was discontinued. The complaint asserted, inter alia, state common-law causes of action alleging false arrest and false imprisonment (first cause of action) and malicious prosecution (second cause of action). The complaint also asserted causes of action alleging civil rights violations pursuant to 42 USC § 1983 and for an award of attorney's fees pursuant to 42 USC § 1988 (sixth and seventh causes of action, respectively). The sixth cause of action alleged two types of civil rights violations under 42 USC § 1983: one alleged claims pursuant to Monell v New York City Department of Social Servs. (436 US 658, 694; hereinafter the Monell-type claims), and the other alleged the unreasonable seizure of the plaintiff's person and deprivation of his liberty under state law. On a prior appeal, this Court, inter alia, bifurcated and stayed discovery and the trial on the Monell-type claims and the related request for attorney's fees in the seventh cause of action pending resolution of the other claims (see Elie v City of New York, 92 AD3d 716, 717). Accordingly, the Monell-type claims are not at issue on this appeal.
The defendants moved for summary judgment dismissing the complaint. Among other things, the defendants argued that the state common-law causes of action alleging false arrest and false imprisonment, and malicious prosecution, and the causes of action based upon alleged civil rights violations pursuant to 42 USC § 1983, had to be dismissed because the police had probable cause to arrest and prosecute the plaintiff. In support of their motion, the defendants submitted, inter alia, a transcript of Pierre-Riviera's deposition testimony, in which he stated that his statement to the police and grand jury testimony had been fabricated and that this fabrication resulted from coercion by the police. However, the defendants contended that Pierre-Riviera's deposition testimony was not admissible because the defendants allegedly were not properly notified of the deposition and were not represented at the deposition.
In opposition, the plaintiff and Syslvestre submitted, among other things, an affidavit from Pierre-Riviera dated June 28, 2005, in which Pierre-Riviera averred that his identification of the plaintiff as the shooter had been coerced by the police and that his statement to the police and his grand jury testimony were false.
The Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the false arrest and false imprisonment, and malicious prosecution causes of action and so much of the 42 USC § 1983 causes of action as did not relate to Monell-type claims. The court also awarded summary judgment dismissing Syslvestre's derivative cause of action on consent, and amended the caption accordingly. The plaintiff appeals.
"The existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution, and this includes causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth [*3]Amendment rights under color of state law that are the federal-law equivalents of state common-law false arrest and malicious prosecution causes of action" (Williams v City of New York, 153 AD3d 1301, 1302-1303 [citations and internal quotation marks omitted]; see Paulos v City of New York, 122 AD3d 815, 817). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been committed or is being committed by the suspected individual, and probable cause must be judged under the totality of the circumstances" (De Lourdes Torres v Jones, 26 NY3d 742, 759 [internal quotation marks omitted]; see Shaw v City of New York, 139 AD3d 698, 699).
Here, the defendants failed to eliminate triable issues of fact as to whether the police had probable cause to arrest the plaintiff (see Petrychenko v Solovey, 99 AD3d 777, 781). Pierre-Riviera's deposition testimony, submitted by the defendants on their motion, raised triable issues of fact as to whether his identification of the plaintiff as the shooter was coerced, and therefore, whether the police had probable cause to arrest the plaintiff (see De Lourdes Torres v Jones, 26 NY3d at 763; Williams v City of New York, 153 AD3d at 1304). Contrary to the defendants' contentions, Pierre-Riviera's deposition transcript was not inadmissible in connection with the motion for summary judgment, as it was undisputed that counsel for the defendants was served with a copy of the notice of deposition and the subpoena (see CPLR 3117[a][3]; 3120; 3212[b]).
Further, contrary to the Supreme Court's determination, in the absence of Pierre-Riviera's allegedly coerced identification, the defendants did not establish, prima facie, that the police had probable cause to arrest the plaintiff (see De Lourdes Torres v Jones, 26 NY3d at 763-764; People v White, 117 AD2d 127, 132).
Regarding malicious prosecution, once a suspect has been indicted, the grand jury action creates a presumption of probable cause (see De Lourdes Torres v Jones, 26 NY3d at 761; Colon v City of New York, 60 NY2d 78, 82). A plaintiff can overcome the presumption of probable cause "by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" (Colon v City of New York, 60 NY2d at 82-83; see De Lourdes Torres v Jones, 26 NY3d at 762; Blake v City of New York, 148 AD3d 1101, 1107). Here, Pierre-Riviera's deposition testimony and affidavit raised a triable issue of fact as to whether the police witnesses made a complete and full statement of facts either to the grand jury or the district attorney, misrepresented or falsified evidence, or otherwise acted in bad faith so as to rebut the presumption of probable cause (see De Lourdes Torres v Jones, 26 NY3d at 762; Williams v City of New York, 153 AD3d at 1304). Further, this evidence of bad faith conduct can also support an inference of malice (see De Lourdes Torres v Jones, 26 NY3d at 768).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the false arrest and false imprisonment, and malicious prosecution causes of action and so much of the 42 USC § 1983 causes of action as did not relate to Monell-type claims insofar as asserted against the City, Grant, and Fitzgerald.
However, we agree with the defendants that they established, prima facie, that the subject causes of action, insofar as asserted against Cheatham, should be dismissed. The record reflects that Cheatham was not present when the plaintiff was arrested, did not sign the criminal complaint, and did not testify before the grand jury. In addition, the record does not reflect that Cheatham was present at the time that Pierre-Riviera alleged the police coerced him. In opposition, the plaintiff failed to raise a triable issue of fact as to Cheatham's involvement (see generally Rivera v County of Nassau, 83 AD3d 1032, 1034).
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court