Fields v County of Nassau (2023 NY Slip Op 04423)

Fields v County of Nassau

2023 NY Slip Op 04423

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-05113
 (Index No. 605032/18)

[*1]Jakiel Fields, respondent,
v
County of Nassau, et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag, Jackie L. Gross, and Samantha A. Goetz of counsel), for appellants.
Kaplan & Kaplan, Brooklyn, NY (Cary H. Kaplan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendants appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered April 23, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the defendant County of Nassau.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 21, 2017, the plaintiff was arrested by several plainclothes police officers in West Hempstead. The plaintiff subsequently was charged in a felony complaint with criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. The complaint alleged that the plaintiff committed those crimes in Nassau County on March 15, 2017. However, it subsequently was determined that on that date the plaintiff was in the state of Georgia, where he resided at the time. The plaintiff was released from jail on or about July 7, 2017, approximately 77 days after his arrest. In August 2017, a grand jury dismissed the felony complaint against the plaintiff.
The plaintiff subsequently commenced this action against the defendant County of Nassau, among others, asserting causes of action alleging, inter alia, deprivation of certain federal constitutional rights pursuant to 42 USC § 1983 (first cause of action), false arrest (second cause of action), and malicious prosecution (third cause of action). The defendants moved for summary judgment dismissing the complaint, contending, among other things, that there was probable cause [*2]to arrest and prosecute the plaintiff. In support of their motion they submitted, inter alia, a transcript of the deposition testimony of one of the arresting officers, the defendant Detective Harold Horch. Detective Horch testified that, on March 15, 2017, he and two other detectives watched from their unmarked vehicle as a confidential informant entered a vehicle that was approximately eight to ten car lengths away. A few minutes later, the confidential informant returned to the detectives' vehicle and told the detectives that "Jay" and another person sold him a controlled substance while he was in the vehicle. A cell phone that the detectives had given the confidential informant to record the transaction did not work, and the detectives did not see the plaintiff or take any photographs of him that day. At a March 29, 2017 photo array identification, the confidential informant identified the plaintiff as the "Jay" who had sold him the controlled substance two weeks earlier.
In an order entered April 23, 2020, the Supreme Court, among other things, denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the County. The defendants appeal.
"'The existence of probable cause constitutes a complete defense to causes of action alleging false arrest . . . and malicious prosecution, and this includes causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that are the federal-law equivalents of state common-law false arrest and malicious prosecution causes of action'" (Elie v City of New York, 183 AD3d 867, 870, quoting Williams v City of New York, 153 AD3d 1301, 1302-1303). "'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' by the suspected individual, and probable cause must be judged under the totality of the circumstances" (De Lourdes Torres v Jones, 26 NY3d 742, 759, quoting People v Bigelow, 66 NY2d 417, 423). "Whenever there has been an arrest and imprisonment without a warrant, the officer[s] ha[ve] acted extrajudicially and the presumption arises that such an arrest and imprisonment are unlawful" (Broughton v State of New York, 37 NY2d 451, 458).
Here, the defendants failed to establish, prima facie, the existence of probable cause to arrest the plaintiff (see Cayruth v City of Mount Vernon, 188 AD3d 1139, 1141; Elie v City of New York, 183 AD3d at 870; Fortunato v City of New York, 63 AD3d 880, 880-881). Detective Horch's testimony that he had arrested the confidential informant in February 2017 for possession of a controlled substance, and that the confidential informant had worked with the detectives in connection with "approximately in the vicinity of 20 buys," was insufficient to establish the reliability of the confidential informant's uncorroborated identification of the plaintiff as the "Jay" who sold him the controlled substance two weeks prior to the photo array identification (see People v Chisholm, 21 NY3d 990, 992-993; cf. People v Darby, 206 AD3d 1165, 1168; People v Robinson, 205 AD3d 737, 737-738). "Moreover, as relevant to the malicious prosecution cause of action, a finding that there was no probable cause for the plaintiff's arrest could support an inference of actual malice" (Lundgren v Margini, 30 AD3d 476, 477; see Martin v City of Albany, 42 NY2d 13).
Furthermore, inasmuch as Detective Horch testified at his deposition that he could not recall who made the decision to arrest the plaintiff, the defendants failed to establish, prima facie, that the alleged deprivation of certain constitutional rights was not caused by a policy statement, ordinance, or decision officially adopted and promulgated by the County's officers or pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law (see Town of Orangetown v Magee, 88 NY2d 41, 53; Pendleton v City of New York, 44 AD3d 733, 736; [*3]Johnson v Kings County Dist. Attorney's Off., 308 AD2d 278, 294-296; cf. Brown v City of New York, 192 AD3d 963, 965).
We have not considered the defendants' remaining contentions, which were improperly raised for the first time either in their reply papers before the Supreme Court or on appeal (see Smith v County of Suffolk, 61 AD3d 743).
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action insofar as asserted against the County, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court