Webster v City of New York (2020 NY Slip Op 01666)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Webster v City of New York

2020 NY Slip Op 01666

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-01977
(Index No. 937/14)

[*1]Mark Webster, appellant,
vCity of New York, respondent.

Samuel Weinbaum (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Christopher J. Soverow], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Janet L. Zaleon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 21, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment is denied.
The plaintiff commenced this action against the City of New York to recover damages for false arrest, false imprisonment, and malicious prosecution following his arrest for possession of marijuana and firearms. The City moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment. The plaintiff appeals.
Probable cause to believe that a person committed a crime is a complete defense to causes of action alleging false arrest and false imprisonment (see Paulos v City of New York, 122 AD3d 815, 817; Petrychenko v Solovey, 99 AD3d 777, 780; Fausto v City of New York, 17 AD3d 520, 521). "The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom'" (Fortunato v City of New York, 63 AD3d 880, 880, quoting Fausto v City of New York, 17 AD3d at 521). When conflicting inferences can be drawn from the evidence or where credibility is at issue, summary judgment should not be granted (see Scott v Long Is. Power Auth., 294 AD2d 348, 348).
Here, probable cause for the plaintiff's arrest was based on his alleged constructive possession of certain contraband recovered from his mother's house during the execution of a search warrant. The City's submissions in support of its motion indicated that certain items belonging to the plaintiff, who was 41 years old at the time, were found in his mother's house. The items included the plaintiff's high school identification card, a 10-year-old framed welder's certificate [*2]bearing the plaintiff's name, an item alleged to be an employment identification card, which was illegible, and a letter addressed to the plaintiff at an address different from that of his mother's house. Additionally, the City submitted transcripts of the plaintiff's deposition testimony and General Municipal Law § 50-h hearing testimony. During his testimony, the plaintiff specifically denied making a statement to police officers at the scene that he currently lived in his mother's house. That statement was attributed to him by one of the police officers who allegedly recovered the items described above. Moreover, the plaintiff testified that the same police officer engaged in misconduct outside of his mother's house.
The City's own submissions placed the credibility of the City's witnesses at issue. In addition, the City submitted no evidence that contemporaneously tied the plaintiff to his mother's house. The City failed to satisfy its burden of eliminating triable issues of fact as to whether the police officers had probable cause justifying the plaintiff's arrest (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Pavane v Marte, 109 AD3d 970, 972). Accordingly, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing the false arrest and false imprisonment causes of action.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court