Goldenberg v Capital One Natl. Assn. (2020 NY Slip Op 04732)





Goldenberg v Capital One Natl. Assn.


2020 NY Slip Op 04732


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-06476
 (Index No. 4185/14)

[*1]Yoel Goldenberg, etc., appellant, 
v
Capital One National Association, etc., respondent.


Richard A. Finkel, Esq., & Associates, PLLC, New York, NY, for appellant.
Lazer, Aptheker, Rosella & Yedid, P.C., Melville, NY (David Lazer and Mark Curtis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated May 5, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In July and August 2012, the plaintiff, on behalf of various companies he owned, opened a number of business checking accounts with the defendant's bank. On August 29, 2012, a manager employed at one of the defendant's branches noticed activity which involved an alleged forged instrument being remotely deposited into one of the subject business checking accounts and, as a result, froze all funds in that account. The next day, the manager reported the activity in the subject account to the police and also informed the police that the plaintiff was the only signatory on that account. Thereafter, the plaintiff was arrested when the defendant's branch manager called the police to let them know that she saw the plaintiff at another nearby bank and asked the branch manager of that other bank to identify the plaintiff for the police upon their arrival.
Subsequently, the plaintiff was charged with a number of felonies, including grand larceny in the second degree, criminal possession of stolen property in the second degree, and criminal possession of a forged instrument in the second degree. The criminal complaint, dated August 31, 2012, which alleged multiple fraudulent check deposits, was based, in part, upon the statements made by the defendant's branch manager that the plaintiff had stolen more than $50,000 from the defendant.
The plaintiff was incarcerated from August 30, 2012, until September 6, 2012, when a bail hearing was held and he was released upon posting bond. The plaintiff returned to court on March 29, 2013, at which time the criminal proceeding against him was dismissed. The charges set forth in the criminal complaint were never presented to a grand jury.
In March 2014, the plaintiff commenced this action to recover damages for malicious [*2]prosecution against the defendant, alleging that the defendant's branch manager made false statements to the police regarding the nature of the checking transactions which led to his arrest without first conferring with him or representatives of his companies. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff could not establish either that there was no probable cause supporting his arrest and prosecution or that the criminal proceeding was terminated in his favor. In an order dated May 5, 2017, the Supreme Court, among other things, granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals. We reverse the order insofar as appealed from.
"In order to recover for malicious prosecution, a plaintiff must establish four elements: that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (Cantalino v Danner, 96 NY2d 391, 394). With respect to the element of probable cause, it "requires only information sufficient to support a reasonable belief that an offense has been committed by the plaintiff" (Burns v City of New York, 17 AD3d 305, 305). "The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom'" (Fortunato v City of New York, 63 AD3d 880, 880, quoting Fausto v City of New York, 17 AD3d 520, 521). "When conflicting inferences can be drawn from the evidence or where credibility is at issue, summary judgment should not be granted" (Webster v City of New York, 181 AD3d 756, 757; see Scott v Long Is. Power Auth., 294 AD2d 348, 348). Moreover, "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused" (Cantalino v Danner, 96 NY2d at 395).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint since it failed to eliminate triable issues of fact as to whether there was probable cause to arrest and prosecute the plaintiff and whether the underlying criminal action was terminated in his favor. In support of its motion, the defendant submitted, inter alia, the transcripts of the deposition testimony of the plaintiff and the Assistant District Attorney (hereinafter ADA) who supervised the plaintiff's prosecution, as well as the criminal complaint and documents created by the Kings County District Attorney's Office relating to the plaintiff's prosecution.
With respect to the issue of probable cause, the plaintiff testified at his deposition that there were people in his office, other than him, who used the remote scanner to deposit checks into his companies' business checking accounts and that he did not give the subject checks to any of those people to deposit or instruct them to do so. Further, the ADA, at his deposition, testified that he could not discount the ability of someone other than the plaintiff to be able to use the remote scanner to deposit the subject checks and noted that the criminal complaint was silent as to whether the system allowed someone else to use the scanner. Moreover, the defendant failed to eliminate triable issues of fact as to whether the actions of the defendant's branch manager went beyond merely furnishing information to law enforcement authorities (see e.g. Williams v CVS Pharmacy, Inc., 126 AD3d 890, 892-893; cf. Robles v City of New York, 104 AD3d 829, 830-831). Consequently, the defendant's own submissions called into question whether there was probable cause to arrest and prosecute the plaintiff (see Webster v City of New York, 181 AD3d at 758; MacDonald v Town of Greenburgh, 112 AD3d 586, 587; Wilner v Village of Roslyn, 99 AD3d 702, 704; Fortunato v City of New York, 63 AD3d 880, 881).
With respect to the element of favorable termination, the evidence submitted by the defendant did not establish, as a matter of law, that the termination of the underlying criminal action against the plaintiff was not favorable (see Bellissimo v Mitchell, 122 AD3d 560, 561-562; see e.g. Berlin v DeMarzo, 150 AD3d 1185, 1186). At his deposition, the ADA testified that the case jacket, a copy of which was provided by the defendant in support of its motion, showed that the Criminal Court dismissed the criminal proceeding against the plaintiff pursuant to CPL 160.50, which indicated that the termination was in favor of the accused. The ADA also testified at his deposition that the District Attorney's Office closing memorandum, another exhibit submitted by the defendant, [*3]showed that the matter against the plaintiff had been closed subsequent to the March 2013 court date. When questioned during his deposition about this memorandum, which stated that the proceeding was dismissed without prejudice, the ADA responded that the words "without prejudice" implied "simply [that] the assigned ADA [was] using the jargon common to the office . . . It's not to preserve rights," and that the "significant word in the memo is closed.'" He also confirmed that the criminal matter against the plaintiff had not been reopened.
Since the defendant failed to met its prima facie burden, it is unnecessary to consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court