Fischetti v City of New York (2021 NY Slip Op 06343)





Fischetti v City of New York


2021 NY Slip Op 06343


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-00679
 (Index No. 4518/16)

[*1]Bianca Fischetti, etc., appellant, 
v
City of New York, et al., respondents, et al., defendants.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Ingrid R. Gustafson and D. Alan Rosinus, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered December 13, 2018. The order granted that branch of the motion of the defendants City of New York and New York City Police Detective Michael Centrone which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
This is an action, inter alia, to recover damages for false arrest and false imprisonment arising from the plaintiff's arrest on June 19, 2015, for possession of cocaine. According to deposition testimony, at approximately 5:15 a.m. on June 19, 2015, police officers executed a search warrant at the one-bedroom basement apartment of the plaintiff's boyfriend of two years, nonparty Christopher Battaglia. The plaintiff, who was wearing pajamas, had been sleeping in the bedroom when the police arrived. The plaintiff ran from the bedroom and into the kitchen upon their entry into the premises. The police discovered a small bag of cocaine inside a black pouch in the bedroom closet as a result of the search, as well as a scale and plastic baggies from a drawer. Both the plaintiff and Battaglia were placed under arrest and charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), among other crimes. The plaintiff was arraigned later that same day and the matter was adjourned in contemplation of dismissal.
The plaintiff thereafter commenced this action against the City of New York and New York City Police Detective Michael Centrone (hereinafter Detective Centrone; hereinafter together the defendants), among others, alleging causes of action to recover damages for assault and battery, false arrest, false imprisonment, excessive force and other civil rights violations pursuant to 42 USC § 1983, and negligent hiring and retention. Following discovery, the City and Detective Centrone moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed so much of the motion as sought dismissal of the causes of action alleging assault and battery, false arrest, false imprisonment, and excessive force and other civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendants. In an order entered December 13, 2018, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff [*2]appeals.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging false arrest, false imprisonment, and related claims under 42 USC § 1983, insofar as asserted against them. False arrest and false imprisonment are two different names for the same common-law tort (see Holland v City of Poughkeepsie, 90 AD3d 841, 844-845). The existence of probable cause constitutes a complete defense to causes of action alleging false arrest and false imprisonment (see Brown v City of New York, 192 AD3d 963; Webster v City of New York, 181 AD3d 756, 757), including a cause of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that is the federal-law equivalent of a state common-law false arrest cause of action (see Williams v City of New York, 153 AD3d 1301, 1303; Semmig v Charlack, 143 AD3d 802, 803). "'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been [committed] or is being committed by the suspected individual, and probable cause must be judged under the totality of the circumstances'" (Burns v City of New York, 181 AD3d 554, 555, quoting De Lourdes Torres v Jones, 26 NY3d 742, 759; see Colon v City of New York, 60 NY2d 78, 82; Adams v City of New York, 167 AD3d 825, 826).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging false arrest and false imprisonment by establishing that the police had probable cause to arrest the plaintiff for criminal possession of a controlled substance in the seventh degree, based on her constructive possession of the cocaine recovered from the bedroom closet (see Penal Law § 10.00[8]; People v Manini, 79 NY2d 561, 574; Walker v City of New York, 148 AD3d 469, 469; cf. Webster v City of New York, 181 AD3d 756; cf. People v Brown, 133 AD3d 772). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Under the circumstances of this case, the plaintiff's general denial of knowledge of the cocaine, and the facts that the cocaine was not located in plain view and the plaintiff provided the police with another address as her residence on the arrest paperwork, were insufficient to defeat the defendants' prima facie showing (see Rogers v City of New York, 171 AD3d 431, 431; Walker v City of New York, 148 AD3d at 469).
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging assault and battery, excessive force, and related claims under 42 USC § 1983. Where there is a lawful arrest, intentional contact with the arrested person does not constitute assault and battery, provided such force is reasonable (see Boyd v City of New York, 149 AD3d 683, 685; Washington-Herrera v Town of Greenburgh, 101 AD3d 986, 989-990; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 719). "'Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness'" (Lepore v Town of Greenburgh, 120 AD3d 1202, 1203, quoting Moore v City of New York, 68 AD3d 946, 947).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the arrest of the plaintiff was lawful and that the use of handcuffs during her arrest was not objectively unreasonable (see Lepore v Town of Greenburgh, 120 AD3d 1202; Ostrander v State, 289 AD2d 463, 464). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court