Farquharson v United Parcel Serv. (2022 NY Slip Op 01007)





Farquharson v United Parcel Serv.


2022 NY Slip Op 01007


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-09645
 (Index No. 12315/13)

[*1]Clyon Farquharson, appellant-respondent,
v
United Parcel Service, et al., defendants-respondents, City of New York, et al., respondents-appellants.


G. Wesley Simpson P.C., Brooklyn, NY, for appellant-respondent.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jeremy W. Shweder and MacKenzie Fillow of counsel), for respondents-appellants.
Greenberg Traurig, LLP, New York, NY (Micala Campbell Robinson and Martin C. Fojas of counsel), for defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals, and the defendants City of New York, New York City Police Department, and Roger Quintero cross-appeal, from an order of the Supreme Court, Queens County (Ernest Hart, J.), entered June 13, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendants United Parcel Service, Mike Negron, and Sherwin Cespin which were for summary judgment dismissing the third, fourth, fifth, sixth, and tenth causes of action insofar as asserted against them and granted those branches of the motion of the defendants City of New York, New York City Police Department, and Roger Quintero which were for summary judgment dismissing the third, fifth, and sixth causes of action insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of the motion of the defendants City of New York, New York City Police Department, and Roger Quintero which were for summary judgment dismissing the seventh, eighth, and ninth causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the motion of the defendants City of New York, New York City Police Department, and Roger Quintero which were for summary judgment dismissing the seventh, eighth, and ninth causes of action insofar as asserted against them are granted; and it is further,
ORDERED that one bill of costs is awarded to the respondents-appellants and the defendants-respondents.
This action stems from the plaintiff's termination from employment with the defendant United Parcel Service (hereinafter UPS) in July 2012. At all relevant times, the plaintiff was employed by UPS as a package driver and was responsible for making deliveries to specific [*2]addresses in Queens. On July 3, 2012, UPS received a customer claim alleging that a UPS package containing a T-Mobile cellular phone (hereinafter the subject phone) was not delivered by the promised delivery date. Thereafter, UPS security supervisor Mike Negron requested that activation information regarding the subject phone be obtained from T-Mobile, as per UPS company procedure. The request for activation information was sent to UPS corporate security. The requested activation information received from T-Mobile showed that the subject phone was initially activated using a SIM card belonging to an account owned by the plaintiff's father, and was subsequently activated using a SIM card belonging to an account owned by the plaintiff.
In light of the activation information, UPS conducted what it refers to as an "integrity test." The integrity test was conducted by Negron, the defendant Sherwin Cespin, another security supervisor, and a security manager. After the integrity test was completed, the plaintiff was questioned regarding the subject phone, among other things. The plaintiff denied taking anything, but refused to answer questions. After the questioning, the plaintiff was terminated from his employment for dishonesty, and law enforcement officers were contacted.
The defendant Roger Quintero, a police officer, was dispatched to the UPS security office in Queens in response to a call to the 911 emergency number reporting that an employee had committed theft. Upon his arrival, Quintero and his partner spoke to Negron. Negron reported that, 10 days earlier, a UPS package containing the subject phone was stolen from the facility. He further explained that UPS received information that the subject phone had been activated using SIM cards belonging to accounts owned by the plaintiff and his father. Negron also showed Quintero documentation regarding the activation of the subject phone.
Based on the information provided by UPS, Quintero, in consultation with his supervisor, determined that there was probable cause to arrest the plaintiff. Quintero then arrested the plaintiff for criminal possession of stolen property in the fifth degree. The plaintiff was taken to a police station, questioned by a detective, and issued a desk appearance ticket. The charges were ultimately dismissed prior to criminal court arraignment.
Thereafter, the plaintiff commenced this action against UPS, Negron, and Sherwin Cespin (hereinafter collectively the UPS defendants), as well as the City of New York, New York City Police Department, and Quintero (hereinafter collectively the municipal defendants). After the completion of discovery, the UPS defendants and the municipal defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them.
By order entered June 13, 2018, the Supreme Court, inter alia, granted those branches of the UPS defendants' motion which were for summary judgment dismissing the third, fourth, fifth, sixth, and tenth causes of action insofar as asserted against them, which alleged malicious prosecution; negligent hiring, training, and supervision; violation of civil and constitutional rights; abuse of process; and entitlement to punitive damages, respectively. With respect to the municipal defendants, the order, inter alia, granted those branches of their motion which were for summary judgment dismissing the third, fifth, and sixth causes of action insofar as asserted against them, which alleged malicious prosecution, violation of civil and constitutional rights, and abuse of process, and denied those branches of their motion which were for summary judgment dismissing the seventh, eighth, and ninth causes of action, which alleged false arrest, false imprisonment, and assault and battery insofar as asserted against them. The plaintiff appeals, and the municipal defendants cross-appeal.
Contrary to the plaintiff's contention, the Supreme Court properly considered the deposition transcripts submitted by the UPS defendants and the municipal defendants in support of their separate motions. The unsigned but certified transcripts of the depositions of the UPS witnesses and Quintero were admissible under CPLR 3116(a), as the transcripts were adopted as accurate by the party deponents (see Nisanov v Khulpateea, 137 AD3d 1091, 1094; Pavane v Marte, 109 AD3d 970, 970). Additionally, in reply to the plaintiff's opposition, the UPS defendants submitted evidence which established that the plaintiff's certified deposition transcript had been submitted to him for review, but that he failed to sign and return it within 60 days. Thus, the [*3]plaintiff's deposition transcript was properly used as fully as though it were signed (see CPLR 3116[a]; Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763, 763-764). Moreover, the evidence was properly considered in reply because it was submitted in direct response to allegations raised for the first time in the plaintiff's opposition papers (see Gallway v Muintir, LLC, 142 AD3d 948, 949).
The Supreme Court should have granted those branches of the municipal defendants' motion which were for summary judgment dismissing the seventh, eighth, and ninth causes of action, alleging false arrest, false imprisonment, and assault and battery insofar as asserted against them. The existence of probable cause constitutes a complete defense to causes of action alleging false arrest and false imprisonment (see Semmig v Charlack, 143 AD3d 802, 803). The existence of probable cause is also a complete defense to a cause of action alleging assault and battery based solely on bodily contact during an allegedly unlawful arrest (see Smolian v Port Auth. of N.Y. & N.J., 128 AD3d 796, 800; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 718-719).
"Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (Macareno v City of New York, 187 AD3d 1164, 1166 [internal quotation marks omitted]). "[P]robable cause must be determined from the sum of the information known to the police at the time of the warrantless arrest and without the benefit of hindsight" (Adams v City of New York, 167 AD3d 825, 826 [internal quotation marks omitted]). "Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (Iorio v City of New York, 19 AD3d 452, 453 [internal quotation marks omitted]; see Masciello v Incorporated Vil. of Lloyd Harbor, 140 AD3d 834, 835). "[The] failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause" (Fortunato v City of New York, 63 AD3d 880, 880 [internal quotation marks omitted]; see Batten v City of New York, 133 AD3d 803, 806). However, further inquiry is only required where there are "materially impeaching circumstances" known to the arresting officer (Silverstein v New York City Police Dept., 167 AD3d 961, 963 [internal quotation marks omitted]).
Here, the municipal defendants established, prima facie, that there was probable cause for the plaintiff's arrest. The undisputed facts in the record establish that the information provided to Quintero was sufficient to establish probable cause for the plaintiff's arrest. Further, there is nothing in the record which would indicate the existence of "materially impeaching circumstances" known to Quintero (id. at 963; cf. Fortunato v City of New York, 63 AD3d at 880-881). In opposition to the municipal defendants' prima facie showing, the plaintiff failed to raise triable issues of fact (see Lewis v Caputo, 20 NY3d 906, 907).
The Supreme Court properly granted those branches of the separate motions of the UPS defendants and the municipal defendants which were for summary judgment dismissing the fifth cause of action, alleging violation of the plaintiff's civil and constitutional rights, insofar as asserted against each of them. Neither the amended complaint nor the bill of particulars identified any specific constitutional or statutory provision allegedly violated by the defendants (see CPLR 3013). Further, the plaintiff's contentions that this cause of action insofar as asserted against the UPS defendants is based upon a violation of Administrative Code of the City of New York § 8-107 and, insofar as asserted against the municipal defendants, is based on an alleged violation of the plaintiff's Miranda rights (see Miranda v Arizona, 384 US 436), are raised for the first time in reply on appeal and are not properly before the Court (see R.L. v New York City Dept. of Educ., 175 AD3d 477, 479).
The Supreme Court also properly granted those branches of the separate motions of the UPS defendants and the municipal defendants which were for summary judgment dismissing the third and sixth causes of action, alleging malicious prosecution and abuse of process, respectively, insofar as asserted against each of them. "The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d 742, 760 [*4][internal quotation marks omitted]; see Batten v City of New York, 133 AD3d at 805). "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Lynn v McCormick, 153 AD3d 688, 688 [internal quotation marks omitted]). "The gist of the action for abuse of process lies in the improper use of process after it is issued" (Williams v Williams, 23 NY2d 592, 596 [internal quotation marks omitted]; see Curiano v Suozzi, 63 NY2d 113, 117; Cozzani v County of Suffolk, 84 AD3d 1147, 1147).
Here, the undisputed evidence in the record establishes that no triable issues of fact exist regarding whether the UPS defendants or Officer Quintero acted with actual malice, whether the criminal proceedings at issue were commenced without excuse or justification, or whether the issued process was used to obtain any collateral objective (see Sperling v Amoachi, 191 AD3d 913, 915). Accordingly, the defendants were properly awarded summary judgment dismissing the third and sixth causes of action.
Similarly, the Supreme Court properly granted that branch of the UPS defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging negligent hiring, training, and supervision insofar as asserted against them. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training" (Decker v State of New York, 164 AD3d 650, 653 [internal quotation marks omitted]). "[A]n exception exists to the above general principle where the plaintiff seeks punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee" (Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 742 [internal quotation marks omitted]).
Here, the undisputed evidence in the record establishes that no triable issues of fact exist regarding whether the UPS defendants' actions were grossly negligent (see Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834). For the same reasons, the Supreme Court properly granted that branch of the UPS defendants' motion which was for summary judgment dismissing the tenth cause of action, seeking punitive damages, insofar as asserted against them (see M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 881, 882).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court