Gottlieb v City of New York (2023 NY Slip Op 04195)

Gottlieb v City of New York

2023 NY Slip Op 04195

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06388
 (Index No. 4349/16)

[*1]Craig Gottlieb, respondent, 
v
City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown and Janet L. Zaleon of counsel), for appellants.
Craig Gottlieb, Flushing, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the defendants appeal from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated February 28, 2020. The order denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment is granted.
On August 13, 2014, the plaintiff's estranged wife, Carolina Bass, filed a domestic incident report and supporting deposition with the police, in which she asserted that the plaintiff had contacted her by mail in violation of a temporary order of protection issued on June 17, 2014, and remaining in effect until October 7, 2014. The domestic incident report indicated that the temporary order of protection was issued in a matrimonial action, and the index number of the action as well as the expiration date of the temporary order of protection, were specified in the report. A follow-up information report completed by a police detective included photographs of the mailing sent to Bass, which contained the plaintiff's name and return address. The plaintiff was thereafter arrested on a charge of criminal contempt in the first degree, which charge was later dismissed.
The plaintiff subsequently commenced this action against the City of New York and the New York City Police Department, inter alia, to recover damages for false arrest and false imprisonment. After discovery, the defendants moved, inter alia, for summary judgment dismissing those causes of action. In an order dated February 28, 2020, the Supreme Court denied that branch of the motion. The defendants appeal.
"The existence of probable cause constitutes a complete defense to causes of action alleging false arrest and false imprisonment" (Farquharson v United Parcel Serv., 202 AD3d 923, 926; see Webster v City of New York, 181 AD3d 756, 757). "'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed' by the suspected individual, and probable cause must be judged under the totality of the circumstances" (De Lourdes Torres v Jones, 26 NY3d 742, 759, quoting People v Bigelow, 66 NY2d 417, 423). "'Generally, information provided by an identified citizen accusing another individual of a specific crime is [*2]legally sufficient to provide the police with probable cause to arrest'" (Farquharson v United Parcel Serv., 202 AD3d at 926, quoting Iorio v City of New York, 19 AD3d 452, 453).
Here, the defendants demonstrated, prima facie, that the plaintiff's arrest was supported by probable cause (see Farquharson v United Parcel Serv., 202 AD3d at 926). The domestic incident report and supporting deposition provided by Bass, as well as the follow-up information report, provided information sufficient to support a reasonable belief that, in August 2014, the plaintiff had violated a valid and existing temporary order of protection.
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, no such triable issue was presented by the recitation in the criminal complaint of a different expiration date for the temporary order of protection. The above-referenced police reports, as well as the arrest report submitted by the defendants, demonstrate that the arrest was based on the August 13, 2014, report by Bass that the plaintiff violated a temporary order of protection that was in effect until October 7, 2014. Further, nothing on the face of the temporary order of protection would have exempted the mailing from the provision prohibiting contact by mail, so as to defeat the defendants' showing of probable cause for the plaintiff's arrest (see Adams v City of New York, 167 AD3d 825, 826).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging false arrest and false imprisonment.
We do not address the issues raised by the parties regarding the remaining branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. That branch of the motion was not addressed in the order appealed from and, thus, remains pending and undecided (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976; Katz v Katz, 68 AD2d 536, 542-543).
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court