McMullin v Village of Spring Val. (2024 NY Slip Op 04069)

McMullin v Village of Spring Val.

2024 NY Slip Op 04069

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-08420
 (Index No. 36896/21)

[*1]Derrick T. McMullin II, etc., appellant, 
v
Village of Spring Valley, respondent.

Sussman & Goldman, Goshen, NY (Jonathan R. Goldman of counsel), for appellant.
Sokoloff Stern LLP, Carle Place, NY (Brian S. Sokoloff and Chelsea Weisbord of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated September 12, 2022. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought to recover damages for use of excessive force.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, individually and as the administrator of the decedent's estate, commenced this action, inter alia, to recover damages for wrongful death, alleging that the decedent suffered personal injuries and death following an encounter with police officers employed by the Spring Valley Police Department. The complaint alleged that the decedent's death was caused by several "actions and omissions evincing negligence or gross negligence" and did not assert a cause of action for assault or battery. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated September 12, 2022, the Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as sought to recover damages for use of excessive force and, in determining whether there was any cognizable cause of action, determined that the complaint did not state a cause of action for intentional assault. The plaintiff appeals.
The plaintiff now contends that the complaint stated causes of action for assault and battery. "New York does not recognize a cause of action to recover for negligent assault or battery" (Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217). "Negligence is distinguished from assault and battery by the absence of that intent which is a necessary ingredient of the latter" (id. at 1217 [internal quotation marks omitted]). Here, inasmuch as the complaint alleged that the police officers negligently departed from the appropriate standard of care and negligently caused the decedent's death, the complaint failed to state a viable cause of action sounding in assault or battery (see Fischetti v City of New York, 199 AD3d 891, 893).
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court