Connolly v Sanders (2025 NY Slip Op 03303)

Connolly v Sanders

2025 NY Slip Op 03303

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-00814
 (Index No. 35444/17)

[*1]Thomas Connolly, etc., et al., appellants, 
v
Scott Sanders, etc., et al., respondents.

Silver & Kelmachter, LLP, New York, NY (Perry D. Silver of counsel), for appellants.
Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Matthew Bialor of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 4, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In August 2015, the defendants failed to diagnose Thomas J. Connolly (hereinafter the decedent) with lymphoma when they treated his skin condition and failed to refer him for further diagnostic tests and treatment. When the condition reappeared in January 2016, the defendant Scott Sanders sent a biopsy sample to Weill-Cornell Medical Center, where gamma delta T-cell lymphoma was diagnosed. The decedent died from his condition on October 22, 2018.
The plaintiffs commenced the instant action to recover damages for medical malpractice and wrongful death. After issue was joined, the defendants moved for summary judgment dismissing the complaint based upon an affidavit of a physician specializing in dermatopathology, who noted that gamma delta T-cell lymphoma was extremely rare, with a prevalence rate of less than 1% of all T-cell lymphomas. The defendants' expert further stated that gamma delta T-cell lymphoma had no known cure or algorithm for treatment and had a median survival rate of 15 to 18 months, and that since the decedent's condition was "indolent" from August 2015 until February 2016, his treatment options would have been the same if he had been diagnosed in August 2015. The defendants' expert also concluded that if treatment for the decedent's condition had begun in August 2015, that treatment would not have changed the outcome. In opposition, the plaintiffs submitted an affirmation of a physician specializing, inter alia, in oncology, who opined that, according to the AJCC Cancer Staging Manual, 8th edition (hereinafter the Cancer Staging Manual), the decedent's lesion was stage 1-A in August 2015, and that the delay in diagnosis allowed the decedent's condition to progress from stage 1-A to stage II-B, rendering a complete cure no longer available and reducing the chance of survival from 96%-100% to 40% over a five-year period. The defendants' expert, in reply, reiterated his opinion that there was no treatment-specific algorithm and no prognostic staging for the decedent's disease. In an order dated January 4, 2021, [*2]the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries. If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860 [citation omitted]; see Stukas v Streiter, 83 AD3d 18). Where a medical malpractice plaintiff alleges a failure to timely diagnose a condition, the gravamen of the plaintiff's cause of action is that "the departures from the standard of care delayed diagnosis and decreased the chances of a better outcome or increased the injury" (Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 745). Where a plaintiff alleges that a delay in diagnosis caused the injury, an expert affidavit that is conclusory and speculative and does not address or rebut a specific assertion that an alleged delay in diagnosis did not contribute to the alleged injuries is insufficient (see Zabary v North Shore Hosp. in Plainview, 190 AD3d 790, 794; Iodice v Giordano, 170 AD3d 971, 973).
In the instant case, the plaintiffs failed to address the defendants' expert's specific assertion that gamma delta T-cell lymphoma had no known cure or treatment or algorithm for treatment. The failure to address that specific assertion rendered the plaintiffs' expert's affirmation insufficient to raise a triable issue of fact (see Frazier v Shteynberg, 208 AD3d 458, 459; Iodice v Giordano, 170 AD3d 971, 973). Further, the plaintiffs' expert relied on the Cancer Staging Manual. In reply, the defendants' expert submitted several pages of the Cancer Staging Manual and asserted that page 980 of the Cancer Staging Manual stated that there is no prognostic staging for non-MF T-cell lymphomas, including gamma delta T-cell lymphoma. The defendants' expert's references to and submission of pages of the Cancer Staging Manual may be properly considered, although submitted in reply papers, since they were "submitted in direct response" to a specific allegation raised for the first time in the plaintiffs' opposition papers (Farquharson v United Parcel Serv., 202 AD3d 923, 926).
The plaintiffs' contention that even if the decedent's death from the lymphoma was inevitable, the alleged medical malpractice could have hastened the decedent's death is pure speculation, since the decedent's condition at the time of diagnosis was still "indolent" and the decedent lived significantly longer than the median survival period of 15 to 18 months.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court